**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ERIC LEE WAGNER,**

**Petitioner,**

**v.**                                              **Civil Action No. 1:13CV123**
                                                   **Criminal Action No. 1:99CR37**
**UNITED STATES OF AMERICA,**                      **(JUDGE KEELEY)**

**Respondent.**

**REPORT AND RECOMMENDATION THAT §2255 MOTION**
**BE DENIED AS UNTIMELY**

## I. INTRODUCTION

On April 18th 2013, the *pro se* petitioner filed a motion to Vacate, Set Aside, or Correct

Sentence pursuant to 28 U.S.C. §2255. This matter, which is  pending before the undersigned for

initial review and report and recommendation  pursuant to LR PL 2, is ripe for review.

## II. FACTS

### A. Conviction and Sentence

On January 14, 2000, the petitioner signed a plea agreement by which he agreed to plead

guilty to Count 1, being a felon in possession of a firearm, a violation of Title 18 U.S.C.

§922(g)(1).[1] The Court accepted the petitioner's guilty plea that same day.[2]

On May 26, 2000, the petitioner appeared before the Court for sentencing. Pursuant to the

Sentencing Reform Act of 1984, the Court sentenced the petitioner to a term of 210 months

---

[1]Doc 1, p.1.

[2]See Docket entry for January 14, 2000.

imprisonment.[3]  The Judgment and Commitment Order was entered on May 30, 2000.[4]

**B. <u>Appeal</u>**

Petitioner filed a Notice of Appeal in the United States Court of Appeals for the Fourth

Circuit on June 5th 2000.[5] The Court dismissed petitioner's appeal on December 8, 2000.[6] The

petitioner did not file a writ for certiorari with the United States Supreme Court.

**C. <u>Federal Habeas Corpus</u>**

Petitioner contends that:

1. The Government should have applied years served on a prior revocation sentence

violation as credit towards the 210 month term of imprisonment.

**D. <u>Recommendation</u>**

Based upon review of the record, the undersigned recommends that the petitioner's §2255

motion be denied and dismissed from the docket as untimely.

### III. <u>ANALYSIS</u>

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996, (AEDPA), was

enacted, establishing a one-year limitation period within which to file any federal habeas corpus

motion. 28 U.S.C. §2255.[7]

The limitation period shall run from the last of:

---

[3]Doc. 16, p. 21.

[4]Doc. 14.

[5]Doc 15.

[6]Doc 18.

[7]The AEDPA applies to those cases filed after April 24, 1996, the effective data of the
ADEPDA. <u>Linda v. Murphy</u>, 521 U.S. 320 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir.), cert.
Denied, 523 U.S. 371 (1998).

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;[8] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 511 (4th Cir. 2004), "Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is untimely. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, supra at 511. Here, because the grounds petitioner raises in support of his motion to correct his sentence are clearly without merit,[9] the undersigned has proceeded to consider whether the motion is timely without providing the petitioner the opportunity to explain the timeliness of his petition.

---

[8]The one-year statute of limitations period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353 (2005).

[9]The petitioner's argument appears to be that the Court sentenced him under the mistaken impression that it was not legally permitted to credit him for the time he had already served on a related revocation proceeding. He alleges that subsequent changes in the law have confirmed that such a decision is actually within the Court's sound discretion. However, he points to no authority for this proposition.

In the instant case, the §2255 motion is clearly untimely under subsection 1. The petitioner was sentenced on May 30th 2000. The petitioner filed an appeal that was dismissed on December 8th 2000. The record does not show that the petitioner filed a petition for writ of certiorari with the United States Supreme Court. Accordingly, it appears the petitioner's conviction became final on March 9th, 2001, the date on which his ninety days for filing a petition for cert expired. See Clay v. United States, 537 U.S. 522, 532 (2003).

. See Clay v. United States, 537 U.S. 522 (2003). Accordingly, under AEDPA the petitioner had until March 9th, 2002 to file a timely §2255 motion. Petitioner did not file his petition until April 18th 2013, more than eleven years after the statute of limitations had already expired. Thus, petitioner's §2255 motion is untimely under subsection 1.

Because the petitioner does not allege the Government created an impediment to his filing a timely §2255 motion or that his motion is based on new facts, subsections 2 and 4 are not applicable to this case. Moreover, subsection 3 does not apply because the petitioner does not set forth any new right recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

**V. <u>Recommendation</u>**

For the foregoing reasons, the undersigned recommends that the Court enter an Order denying the petitioner's §2255 motion (Docs. 3 and 23) as untimely and dismissing this action from the Court's docket.

Within fourteen days after being served with a copy of this Recommendation with the clerk of the Court any party may file written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of

such objections should also be submitted to the United States District Judge. **Failure to file timely objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); <u>United States v. Schronce</u>, 727 Fed.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 91984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner via certified mail, return receipt requested, at his last known address as reflected on the docket.

Dated: May 15, 2013

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE