IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC LEE WAGNER,**

       **Petitioner,**

**v.**                    //         **CIVIL ACTION NO. 1:13CV123**
                                           **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

                **ORDER ADOPTING REPORT AND RECOMMENDATION**

     On April 18, 2013, the pro se petitioner, inmate Eric Lee Wagner ("Wagner"), filed a writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging that the Court sentenced him under the mistaken impression that it was not legally permitted to credit him for the time he had already served on a related revocation proceeding. (Dkt. No. 3). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

     On May 16, 2013, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R") recommending that Wagner's petition be dismissed without prejudice as untimely. (Dkt. No. 5). The magistrate judge determined that it is indisputably clear that Wager's petition is over eleven (11) years late and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in § 2244(d)(1). See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

     The R&R also specifically warned Wagner that his failure to object to the recommendation within fourteen (14) days of service

would result in the waiver of any appellate rights he might otherwise have on this issue. Although the record reflects that Wagner's correctional center accepted service of the R&R on May 20, 2013, he has not filed any objections.[1] Consequently, finding no clear error, the Court:

1. **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 5); and
2. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: June 14, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).